IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARRIS COLTON THOMAS, JR.,

                    Petitioner,

          v.                                    CASE NO. 22-3076-SAC

JARED B. JOHNSON,

                    Respondent.

<u>NOTICE AND ORDER TO SHOW CAUSE</u>

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which is granted. The Court has conducted an initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that the claims within are not exhausted. Accordingly, the Court will direct Petitioner to show why this matter should not be dismissed without prejudice to refiling after he exhausts her claims in state court.

**Background**

In January 2019, Petitioner pled no contest in the district court of Saline County, Kansas to one count of indecent solicitation of a child. He was sentenced to a term of imprisonment, which it appears he has completed. In October 2019, the State filed a petition to civilly commit Petitioner as a sexually violent predator under the Kansas Sexually Violent Predator Act (KSVPA). At a trial in July 2021, a jury found that Petitioner was a sexually violent predator, and he was civilly committed. Petitioner is now committed

to the custody of the State and is being housed at Larned State Hospital. The Saline County District Court's online records for case number 2019-PR-172 reflect that Petitioner may have filed a notice of appeal on August 6, 2021, but the online records of the Kansas appellate courts do not reflect that an appeal was ever docketed.

On April 12, 2022, Petitioner filed in this Court his petition for writ of habeas corpus. (Doc. 1.) In pages attached to his petition, Petitioner appears to contend that his civil commitment violated his constitutional due process rights, his First Amendment right to petition the government for redress of grievances, the Equal Protection Clause of the Fourteenth Amendment, the prohibition against ex post facto laws found in Article 1 of the Constitution, and the prohibition against cruel and unusual punishment found in the Eighth Amendment. (Doc. 1, p. 15.) He also asserts that the district judge presiding over his civil commitment proceeding committed multiple errors, some of which also violated his constitutional rights. *Id.* at 16. He asks the Court to release him from civil commitment.

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see*

*also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Court of Appeals (KCOA) and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

As noted above, it appears that Petitioner has not appealed his civil commitment to the KCOA. In his petition, he states that he "[d]id not know how to appeal a motion." (Doc. 1, p. 6.) Nevertheless, Petitioner must exhaust available state-court remedies before seeking habeas relief in federal court. Because Petitioner has not presented his grounds for relief to the state courts, they are unexhausted.

Moreover, it appears that avenues remain available for Petitioner to exhaust his claims. Kansas Supreme Court Rules 2.02, 2.04, and 2.041 address the initiation and docketing of an appeal, including the procedure for filing a motion to docket an appeal out of time. "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). For

the reasons stated above, it appears that the Court should dismiss this matter without prejudice so that Petitioner may exhaust the remedies available to him in the state courts.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including May 13, 2022, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this matter should not be dismissed without prejudice so that Petitioner may exhaust his claims in state court.

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed in forma pauperis (Doc. 2) is **granted.**

**IT IS SO ORDERED.**

DATED:  This 13th day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge