**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DARRIS COLTON THOMAS, JR.,**

        **Petitioner,**

    v.                                                    **CASE NO. 22-3076-SAC**

**JARED B. JOHNSON,**

        **Respondent.**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he filed on April 12, 2022. (Doc. 1.) In July 2021, a jury found Petitioner was a sexually violent predator under the Kansas sexually violent predator act (KSVPA), and he was civilly committed. Petitioner asserts that his rights under several provisions of the United States Constitution were violated during the commitment process. He asks the Court to order his release from custody.

After undertaking a preliminary review of the petition, the Court issued a notice and order to show cause (NOSC) explaining that a state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect his or her rights. (Doc. 3, p. 2 (citing 28 U.S.C. § 2254(b)(1)).) The NOSC also explained that to fully exhaust his claims stemming from his civil commitment, Petitioner must have presented the issues now raised in his federal petition to the Kansas Court of Appeals

(KCOA), which must have denied relief. (Doc. 3, p. 3 (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03(a))). The NOSC concluded it appeared that Petitioner had not appealed his civil commitment to the KCOA and that avenues for that appeal remained available. (Doc. 3, p. 3.)

"Generally, a federal court should dismiss unexhausted claims without prejudice so that petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018)(internal citations and quotation marks omitted). Accordingly, the Court, in the NOSC, granted Petitioner until and including May 13, 2022, to show good cause why this matter should not be dismissed without prejudice so that Petitioner may exhaust his claims in state court. (Doc. 3, p. 4.) Petitioner has not filed a response to the NOSC or any other documents in this matter. The Court will therefore dismiss this matter without prejudice for failure to exhaust available state-court remedies.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485.

The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Petition is **dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 23rd day of May, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge